# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

JANE ELIZABETH NELSON,    Case No. 08-10947-RGM
                          (Chapter 7)
    Debtor.

## MEMORANDUM OPINION AND ORDER

THIS CASE is before the court on the proposed reaffirmation agreement by and between the debtor and HSBC Auto Finance (Docket Entry 14). The debtor is represented by counsel. Although counsel for the debtor signed Part C, "Certification by Debtor's Attorney (If Any)," he did not check the box in Part C indicating that the presumption of undue hardship applies and that, in his opinion, the debtor is able to make the required payment. The presumption of undue hardship arises in this case, but court review is not required until counsel checks the box set forth in Part C.

Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable only if all of the subsections of §524(c) are satisfied. Section 524(c)(2) requires that the debtor receive the disclosures described in §524(k) before or at the time he signs the reaffirmation agreement. Section 524(k)(1) requires a reaffirmation agreement to contain Part C, "Certification by Debtor's Attorney." 11 U.S.C. §524(k)(5). Part C actually contains two matters, a certification and an opinion. The certification under 11 U.S.C. §524(k)(5)(A) is applicable in all cases. In this case, counsel signed Part C and made the certification in the first part of Part C.

The opinion under 11 U.S.C. §524(k)(5)(B) is applicable only if a presumption of undue hardship arises. The presumption of undue hardship arises as provided in §524(m)(1), which states:

    [I]t shall be presumed that such agreement is an undue hardship on the debtor if the

> debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under §524(k)(6)(A) is less than the scheduled payments on the reaffirmed debt.

11 U.S.C. §524(m)(1). The debtor provided the income and expense figures in Part D, which show that the presumption of undue hardship arises in this case. Accordingly, counsel is required to issue the opinion required by §524(k)(5)(B) and tracked by the checkbox on Part C.

Finally, while counsel's failure to properly complete Part C renders the proposed reaffirmation agreement unripe for court review, the court notes that in cases where the presumption of undue hardship applies, the Bankruptcy Code places the burden on the debtor to overcome the presumption to the court's satisfaction: "The presumption may be rebutted in writing by the debtor if the statement [in Part D] includes an explanation that identifies additional sources of funds to make the payment as agreed upon under the terms of such agreement." 11 U.S.C. §524(m)(1). In this case, the debtor states that the "Creditor payment included in Schedule J." A review of Schedule J shows a $1,300 line item automobile expense, but nevertheless reflects a $2,789 budget deficit. Thus, the debtor's statement would not overcome the presumption of undue hardship.

Since §524(k)(5) was not complied with, §524(c)(2) which incorporates §524(k) was not complied with either. Because all of the subsections of §524(c) were not satisfied, the reaffirmation agreement is not effective.

For the foregoing reasons, it is,

ORDERED that the reaffirmation agreement is not effective.

Dated: _____
      Alexandria, Virginia

                                              _____
                                              Robert G. Mayer

2

United States Bankruptcy Judge

Copy electronically to:

Spencer D. Ault
Hilary B. Bonial

14456